UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIRZO ATADZHANOV,

                    Plaintiff,

  v.                                                           9:25-CV-0786
                                                                 (MAD/MJK)

CORRECTIONS OFFICER MARREN, et al.,

                    Defendants.
_____

APPEARANCES:

MIRZO ATADZHANOV
Plaintiff, pro se
22-B-0976
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.      INTRODUCTION**

      Plaintiff Mirzo Atadzhanov commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order entered on August 13, 2025, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain of plaintiff's claims for failure to state a claim upon which relief

1

may be granted and found that plaintiff's Fourteenth Amendment due process claim against defendant Crocker survived sua sponte review and required a response. Dkt. No. 7 ("August 2025 Order").

Presently before the Court is plaintiff's amended complaint. Dkt. No. 15 ("Am. Compl.").[1]

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.     The Complaint and August 2025 Order

In the complaint, plaintiff asserted claims based on alleged wrongdoing during his incarceration at Auburn Correctional Facility. *See* Compl. More specifically, plaintiff alleged that several officials, including defendant Corrections Officer Marren, attempted to interrupt his prayer session on August 23, 2023, and roughly six months later, defendants Marren and Corrections Officer Marshall authored separate retaliatory false misbehavior reports against him. *See generally*, Compl. Plaintiff further alleged that defendant Marren issued a third false misbehavior report against him roughly one month later based on plaintiff's possession of a broken crochet hook, which resulted in a tier III disciplinary hearing before defendant Hearing Officer Crocker, who found plaintiff guilty of the charges and sentenced him to 180 days confinement in a special housing unit ("SHU") cell and loss of certain privileges. *Id*.

The complaint was liberally construed to assert the following claims: (1) a First Amendment free exercise claim against defendant Marren and the State of New York; (2) First Amendment retaliation claims against defendants Marren and Marshall; (3) Eighth Amendment harassment claims against defendants Marren and Marshall; and (4) Fourteenth

---

[1] Shortly after the amended complaint was received for filing, the summons issued for defendant Crocker was returned unexecuted. *See* Dkt. No. 17.

Amendment due process claims against all of the defendants. See August 2025 Order at 8. Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's due process claim against defendant Crocker survived sua sponte review, his Section 1983 claims for money damages against the State of New York were dismissed with prejudice, and the remainder of his claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. Id. at 9-23.

### B.  Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August 2025 Order and it will not be restated in this Decision and Order. See August 2025 Order at 2-4.

The amended complaint is materially similar to, albeit more detailed than, the original complaint, with a few exceptions. First, the amended complaint includes new allegations regarding awareness by defendants Marren and Marshall of plaintiff's engagement in protected activity following the prayer incident in August 2023. Second, the amended complaint alleges that defendant Marren was aware that plaintiff's retention of a broken crochet hook was done in accordance with facility protocol. Third, the amended complaint alleges that defendants Marren and Marshall were working together on February 15, 2024, when both officials issued plaintiff misbehavior reports, and clarifies that the misbehavior report issued by defendant Marshall (1) was for conduct that other inmates engaged in on the same day without punishment, and (2) resulted in a loss of privileges following a disciplinary

3

hearing.  Fourth, the amended complaint does not name the State of New York as a defendant or assert claims based on the prayer incident in August 2023.  *See generally*, Am. Compl.

Plaintiff also attached documents to the amended complaint, including a grievance wherein he complained about the misbehavior reports issued by defendants Marren and Marshall.  *See* Am. Compl. at 20-27.  The grievance was filed two weeks before the second misbehavior report issued by defendant Marren.  *Id*.

Liberally construed, the amended complaint asserts the following Section 1983 claims: (1) First Amendment retaliation claims against defendants Marren, Marshall, and Crocker; and (2) a Fourteenth Amendment due process claim against Crocker.

Plaintiff seeks money damages.  Am. Compl. at 17-18.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

4

### 1. Retaliation Claims

The legal standard governing retaliation claims was discussed at length in the August 2025 Order and will not be restated herein. *See* August 2025 Order at 12-16.

Insofar as the amended complaint asserts retaliation claims against defendants Marren and Marshall, at this stage of the proceeding, and mindful of the Second Circuit's directive that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that these claims survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

Insofar as the amended complaint asserts a retaliation claim against defendant Crocker, the pleading does not include any allegations explaining how this official may have been aware of plaintiff's engagement in protected activity prior to his disciplinary hearing, or why plaintiff filing grievances against other officials may have motivated defendant Crocker to deprive plaintiff of due process as alleged. *See Hayes v. Dahkle*, No. 9:16-CV-1368 (TJM/CFH), 2017 WL 384066, at *7 (N.D.N.Y. Jan. 27, 2017) (dismissing retaliation claim against corrections officer where plaintiff failed to allege that corrections officer was aware of the protected activity that gave rise to the claim); *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 208 (N.D.N.Y. 2015) (same); *Osborn v. Harris*, No. 9:20-CV-0673 (TJM/ATB), 2020 WL 13801099, at *8 (N.D.N.Y. Aug. 3, 2020) ("Plaintiff alleges that Carollo directed a deputy to issue a misbehavior report on May 5, 2020 in retaliation for 'expressing his religious rights.' . . . Plaintiff's conclusory allegations regarding Defendant's motives for the alleged retaliatory conduct are insufficient to plausibly suggest that Carollo knew about any prior complaints at the time of the alleged retaliatory conduct."); *Dozier v. Chapman*, No. 9:05-CV-0127

(NAM/RFT), 2009 WL 3055271, at *1, *7 (N.D.N.Y. Sept. 21, 2009) ("Plaintiff also alleges that Powers approved him for mess-hall duty in retaliation for the aforementioned Grievances Plaintiff filed against Chapman, but there is no allegation as to why Powers would be motivated to retaliate against Plaintiff for grievances he filed against another official[, and] ... [t]hus, Plaintiff has failed to plead a plausible causal connection between the alleged protected act, filing grievances against Chapman, and Powers' alleged adverse action of approving him to work in the mess-hall").  Indeed, plaintiff's allegations of retaliatory mistreatment by defendant Crocker are entirely conclusory.

Accordingly, plaintiff's retaliation claim against defendant Crocker is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 2. Due Process Claim

As noted, the amended complaint reasserts a Fourteenth Amendment due process claim against defendant Crocker, which previously survived sua sponte review.  Moreover, the allegations in the amended complaint are materially similar to the allegations in the original complaint with respect to this claim.  Accordingly, and for the reasons set forth in the August 2025 Order, this claim once again survives initial review and requires a response.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 15) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the following claims **SURVIVE sua sponte review** and require a response: (1) plaintiff's retaliation claims against defendants Marren and Marshall; and (2) plaintiff's due process claim against defendant Crocker; and it is further

**ORDERED** that plaintiff's remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall issue summonses for defendants Marren and Marshall and reissue a summons for personal service on defendant Crocker and forward these documents, along with three copies of the amended complaint, to the United States Marshal for service upon these officials; and it is further

**ORDERED** that upon the completion of service, a response to plaintiff's amended complaint be filed by defendants Marren, Marshall, and Crocker, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: October 27, 2025
Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge